IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARIO ALEJANDRO RODRIGUEZ ARANDA, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § | |
| ALEXANDER SANCHEZ, WARDEN IAH SECURE ADULT DETENTION FACILITY, BRET BRADFORD, ACTING FIELD OFFICE DIRECTOR, TODD LYONS, ACTING DIRECTOR U.S. IMMIGRATIONS AND CUSTOMS ENFORCEMENT, MARKWAYNE MULLIN, U.S. SECRETARY OF HOMELAND SECURITY, TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES, | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00279 JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Mario Alejandro Rodriguez Aranda ("Rodriguez Aranda")'s

Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition

is **DENIED**.

### I. BACKGROUND

Petitioner Mario Alejandro Rodriguez Aranda is a foreign national. [Dkt. 1 at ¶ 15]. On

November 25, 2025, United States Immigration and Customs Enforcement ("ICE") detained

Rodriguez Aranda. *Id.* at ¶ 1.

On April 15, 2026, Rodriguez Aranda brought a habeas corpus petition, claiming that his

detention violates the Fifth Amendment to the United States Constitution and the Administrative

Procedure Act ("APA"). [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Due Process

Rodriguez Aranda argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Rodriguez Aranda were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Rodriguez Aranda's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Rodriguez Aranda's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Rodriguez Aranda's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Rodriguez Aranda's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Rodriguez Aranda's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Rodriguez Aranda's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Rodriguez Aranda to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

**B. APA**

Rodriguez Aranda argues that the Government violated the APA by failing to consider mitigating factors. [Dkt. 1]. The Court lacks jurisdiction to decide the merits of Rodriguez Aranda's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Rodriguez Aranda's lack of serious criminal history and potential eligibility for asylum or other special statuses do not retroactively make his illegal entry lawful. Because Rodriguez Aranda is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Rodriguez Aranda must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29,

31 (5th Cir. 1995).

## IV. CONCLUSION

It is therefore **ORDERED** that Rodriguez Aranda's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of May, 2026.**

_____
Michael J. Truncale
United States District Judge